# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1505023582A |
| | ) | |
| MARSHALL BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: September 28, 2022
Decided: October 7, 2022

*Upon Defendant's Motion for Recusal of the Delaware Attorney General's Office Vacating of the Verdict Due to Conflict of Interest Given the Defendant's Former Counsel in His First Trial Became a Deputy Attorney General in the Second Trial Which Presented a Conflict of Interest Which Adversely Affected the Defendant's Defense in His Second Trial, Treated as a Motion for Postconviction Relief,*

## SUMMARILY DISMISSED.

## <u>ORDER</u>

Marshall Brown, SBI# 315027, Delaware DOC – 1101, P.O. Box 96777, Las Vegas, NV, 89193, alternatively, James T. Vaughn Correctional Center 1181 Paddock Road, Smyrna, DE 19977, *pro se.*

Zachary Rosen, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for the State.

Christopher S. Koyste, Esquire, LAW OFFICE OF CHRISTOPHER S. KOYSTE, LLC, 709 Brandywine Blvd., Wilmington, DE 19809, Attorney for Defendant Marshall Brown.[1]

**WHARTON, J.**

---

[1] Mr. Koyste represented the Defendant on his Amended Motion for Postconviction Relief (D.I. 95) and is currently representing him on his Motion to Modify February 18, 2016 Protective Order (D.I. 102).

This 7th day of October, 2022, upon consideration of Defendant Marshall Brown's ("Brown") Motion for Recusal of the Delaware Attorney General's Office Vacating of the Verdict Due to Conflict of Interest Given the Defendant's Former Counsel in His First Trial Became a Deputy Attorney in the Second Trial Which Presented a Conflict of Interest Which Adversely Affected the Defendant's Defense in His second Trial, which the Court treats as a motion for postconviction relief ("Motion"),[2] and the record in this matter, it appears to the Court that:

1. Brown was indicted by the Grand Jury on the charges of Home Invasion, two counts of Assault First Degree, Reckless Endangering First Degree, three counts of Robbery First Degree, eight counts of Possession of a Firearm During the Commission of a Felony, eight counts of Wearing a Disguise During the Commission of a Felony, Conspiracy Second degree, endangering the Welfare of a Child, and Possession of a Firearm by a Person Prohibited.[3] Brown's first trial ended in a mistrial when the jury was unable to reach a unanimous verdict.[4] He was represented at that trial by Assistant Public Defender Beth Deborah Savitz, Esquire. Prior to his second trial, Ms. Savitz resigned from the Office of Defense Services and accepted a position with the Department of Justice as a Deputy Attorney General. Ms. Savitz did not appear on behalf of the State at Brown's re-trial. Rather, the State was represented by Deputy Attorney Zachary Rosen. Brown's second trial,

[2] D.I. 107.
[3] D.I. 3.
[4] D.I. 34.

where he was represented by Michael W. Modica, Esquire, resulted in him being convicted of all charges except the Possession of a Firearm by a Person Prohibited charge, which had been severed for trial and as to which the State entered a *nolle prosequi* after the verdict.[5] Prior to sentencing, the State moved to have Brown declared a habitual offender and sentenced as one on all felony charges for which he was convicted.[6] After declaring Brown a habitual offender, the Court sentenced him to life imprisonment plus 388 years.[7] Brown appealed to the Delaware Supreme Court. On appeal, he raised a single issue: whether the observation of Brown by two witnesses at his first trial was the equivalent of an impermissibly suggestive pretrial identification procedure.[8] His appeal was unsuccessful and his convictions were affirmed.[9] Brown filed timely *pro se* motions for postconviction relief and appointment of counsel.[10] Counsel was appointed, and submitted an Amended Motion for Postconviction Relief, alleging ineffective assistance of counsel, which this Court denied.[11] That denial was affirmed by the Delaware Supreme Court on June 15, 2020.[12] Currently before the Court is a motion to modify the protective

---

[5] D.I. 60.
[6] D.I. 63.
[7] D.I. 66.
[8] *Brown v. State,* 2018 WL 1313036 (Del. 2018).
[9] *Id.*
[10] D.I. 80, 83.
[11] *State v. Brown,* 2019 WL 5681524 (Del. Super. Ct. Oct. 31, 2019).
[12] *Brown v. State,* 2020 WL 3250235 (Del. 2020).

order entered in this case, filed by postconviction counsel, so that Brown might have access to materials necessary for him to seek federal *habeas corpus* relief *pro se.*[13]

2. In this Motion, Brown seeks to vacate his convictions based on a denial of his 6th Amendment right to counsel because his former attorney was employed by the Department of Justice at the time of his second trial. He states incorrectly, that "his prior counsel failed to report her conflict of interest with the court and trial counsel."[14] Counsel and the Court were well aware that Ms. Savitz was a Deputy Attorney General at the time of Brown's second trial. He argues, also incorrectly, that Ms. Savitz' new position "obligated her to reveal to the attorney general that prosecuted him information relating to the defendant's strategy at a second trial."[15] Obviously, no such obligation exists. Brown appears simply to have made it up out of whole cloth as he sites nothing in support of such a purported obligation's existence.

3. Normally, the Court would not entertain Brown's current *pro se* motion since he is represented by counsel.[16] However, because postconviction counsel's representation continues only for the limited purpose of securing certain information

---

[13] D.I. 102
[14] D.I. 107.
[15] *Id.*
[16] *See,* Super Ct. Cr. R. 47. ("The court will not consider *pro se* applications by defendants who are represented by counsel unless the defendant has been granted permission to participate with counsel in the defense.").

for Brown so that he might seek federal *habeas corpus* relief *pro se*, the Court grants Brown limited permission to participate with postconviction counsel to submit this Motion.

4.      Superior Court Criminal Rule 61 "governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction…on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction."[17]  "The remedy afforded by this rule may not be sought by a petition for habeas corpus or in any other manner other than as provided herein."[18]  Thus, Rule 61 provides the exclusive vehicle for obtaining the relief Brown seeks in his Motion.  Accordingly, despite its caption, the Court treats the Motion as a motion for postconviction relief under Rule 61.

5.      Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[19]  If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[20]

4.      Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, repetitive motions,

---

[17] Super. Ct. Crim. R. 61(a).
[18] Super. Ct. Crim. R. 61(b).
[19] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[20] *Id.*

procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[21] A second or subsequent motion is repetitive and therefore barred.[22] The Court considers a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[23] or (2) the application of a newly recognized, retroactively applied rule of constitutional law rendering the conviction invalid.[24] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[25] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[26]

5. Treating the Motion as one under Rule 61, the Court finds that it is procedurally barred under Rule 61 because it is untimely, successive, and raises grounds not asserted previously. Brown fails to overcome these bars because he offers no evidence of actual innocence or the application of a newly recognized,

---

[21] Super. Ct. Crim. R. 61(i)(1).
[22] Super. Ct. Crim. R. 61(i)(2).
[23] Super. Ct. Crim. R. 61(d)(2)(i).
[24] Super. Ct. Crim. R. 61(d)(2)(ii).
[25] Super. Ct. Crim. R. 61(i)(3).
[26] Super. Ct. Crim. R. 61(i)(4).

retroactively applied rule of constitutional law rendering his convictions invalid. Moreover, he fails to allege "cause for relief" for his failure to raise the issue he raises here, either on direct appeal or in postconviction relief. Further, his allegations of impropriety, without any evidentiary support, and based on a flawed understanding of Ms. Savitz' obligations to her new employer, do not establish prejudice.

6. Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[27] Here, it is plain to the Court from the Motion and the record in this case that Brown is not entitled to relief.

**THEREFORE,** Brown's Motion for Recusal of the Delaware Attorney General's Office Vacating of the Verdict Due to Conflict of Interest Given the Defendant's Former Counsel in His First Trial Became a Deputy Attorney general in the Second Trial Which presented a Conflict of Interest Which Adversely Affected the Defendant's Defense in His Second Trial, treated as a Motion for Postconviction Relief, is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

*/s/ Ferris W. Wharton*
Ferris W. Wharton, J.

---

[27] Super. Ct. Crim. R. 61(d)(5).